UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LORENA BRITO VENTURA, on behalf
of herself and others similarly situated,

                                  Plaintiff,

     -against-

COSTY'S INC. d/b/a DASHING DIVA
and AGATHA KIM and RAQUEL KIM,
individually,

                                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**CLASS ACTION**

Plaintiff Lorena Brito Ventura ("Brito" or "Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, Jacob Aronauer, of The Law Offices of Jacob Aronauer, and Yale Pollack, of the Law Offices of Yale Pollack, complaining of Costy's Inc. d/b/a Dashing Diva ("Dashing Diva") and Agatha Kim and Raquel Kim, individually (collectively herein "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a class action, pursuant to the Federal Rules of Civil Procedure ("FCRP") 23, brought on behalf of Plaintiff and all manicurists, pedicurists and masseurs who worked for Dashing Diva and Agatha Kim and Raquel Kim (collectively the "Defendants").

2. Plaintiff brings this action on behalf of herself and all similarly situated current and former manicurists, pedicurists and masseurs who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. §

216(b), to remedy violations of the wage-and-hour and wage notice provisions of the FLSA that occurred at the nail salon owned and controlled by Defendants.

3.  Plaintiff also brings this action on behalf of herself and all similarly situated current and former manicurists, pedicurists and masseurs who elect to opt-in to this action pursuant to Fed. R. Civ. P. 23, to remedy violations of the wage-and-hour and wage notice provisions of the NYLL that occurred at the nail salon owned and controlled by Defendants.

4.  Plaintiff and the class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay minimum wages, overtime wages, and spread-of-hours wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6.  In addition, this Court has supplemental jurisdiction over the NYLL claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

7.  This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8.  Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

9. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

## PARTIES

10. Plaintiff Lorena Brito Ventura is and was at all times relevant hereto an individual residing in Queens County, New York.

11. Plaintiff was employed by Defendants in Nassau County, New York as a manicurist, pedicurist and masseur.

12. Defendant Dashing Diva is a nail salon located at 953 Franklin Avenue, Garden City, NY 11530.

13. Defendant Dashing Diva is a franchise of the Dashing Diva brand.

14. At any given time, Defendant Dashing Diva employs 11 manicurists, pedicurists and masseurs.

15. Defendant Dashing Diva has high turnover: they lose and hire 9 or 10 employees each year.

16. Defendant Agatha Kim owns and maintains control, oversight and the direction of Dashing Diva.

17. Raquel Kim owns and maintains control, oversight and the direction of Dashing Diva.

18. Defendant Agatha Kim is a person engaged in business in Nassau County, who is sued individually in her capacity as an owner, officer and/or agent of Dashing Diva.

19. Agatha Kim exercised sufficient control over Dashing Diva to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Dashing Diva.

20. Defendant Agatha Kim has had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

21. Defendant Raquel Kim is a person engaged in business in Nassau County, who is sued individually in her capacity as an owner, officer and/or agent of Dashing Diva.

22. Raquel Kim exercised sufficient control over Dashing Diva to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Dashing Diva.

23. Defendant Raquel Kim has had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

24. Defendants employed Plaintiff and similarly situated employees at all times relevant.

25. Defendant Dashing Diva is a domestic business corporation.

26. At all times relevant to this action, Defendant Dashing Diva was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27. Defendant Dashing Diva has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

28. Upon information and belief, Defendant Dashing Diva employs approximately 11 manicurists, pedicurists and masseurs at any given time.

## FACTS

### Plaintiff Brito's Employment at Dashing Diva

29. From approximately 2012 through her termination on January 20, 2019, Brito was employed by Defendants.

30. At Dashing Diva, Brito's duties included performing manicures, pedicures, hand and foot massages, and waxing.

31. On June 20, 2019, Defendants terminated Plaintiff's employment.

32. Defendants terminated Plaintiff's employment because Brito asked for a raise.

33. Throughout the majority of her employment with Defendants, Brito was scheduled to work more than 40 hours each week.

34. Throughout Brito's employment with Defendants, even though she was not exempt, she was not paid any overtime.

35. Throughout the majority of Brito's employment, she was paid less than the New York State minimum wage.

36. Throughout Brito's employment, Defendants did not require her to "clock in" or "clock out" using a time tracking device.

37. Throughout Brito's employment, when Defendants paid Brito, they did not provide her with an accurate notation of the hours she worked.

### Plaintiff Brito's Work Schedule, Salary and Payment at Dashing Diva

38. Dashing Diva's hours of operation are as follows: Monday-Friday 9:30am-7:30pm, Saturday 7:00am-9:00pm and Sunday 10:00am-6:00pm.

39. These hours of operation were the same for the entire time Plaintiff was employed by Defendants.

40. Brito and the other employees received a ride to and from work provided by Defendants.

41. The bus arrived at Dashing Diva approximately 10 minutes before the nail salon opened, and Plaintiff immediately began working to set up before the store opened.

42. After the store closed, Plaintiff helped clean up the nail salon for approximately 10-15 minutes, and the bus would depart approximately 15 minutes after the nail salon closed.

43. Plaintiff never received any meal breaks, and worked from the time that she arrived at the store until the time when she left.

44. For all days worked other than Sundays, Plaintiff was entitled to spread-of-hours pay. Plaintiff, however, never received any spread-of-hours pay.

45. From 2012 through 2015, Plaintiff worked six days per week: Mondays, Tuesdays, Thursdays, Fridays, Saturdays and Sundays, meaning that Plaintiff worked for a total of approximately 60 hours per week, inclusive of both set up and clean up time.

46. In 2016, Plaintiff worked four days per week: Tuesdays, Fridays, Saturdays and Sundays for a total of 39.5 hours per week, including setup and clean up time.

47. From 2017 through the end of her employment with Defendants, Plaintiff worked five days per week: Tuesdays, Thursdays, Fridays, Saturdays and Sundays, for a total of approximately 50 hours per week, including set up and clean up time.

48. From 2012 through 2013, Plaintiff was paid $75 a day.

49. From 2014 through 2016, Plaintiff was paid $80 a day.

50. From 2017 through the end of her employment in 2019, Plaintiff was paid $85 a day.

51. Defendants paid Plaintiff in a manner that circumvented their obligations as an employer under both the FLSA and NYLL.

52. Throughout Plaintiff's employment, Defendants paid Plaintiff in a combination of check and cash.

53. Specifically, from 2012 through 2015, Plaintiff was paid for four days of work by check. For the remaining two days she was paid in cash.

54. In 2016, Plaintiff was paid for Tuesdays, Fridays and Saturdays by check. For Sundays, Plaintiff was paid for her work in cash.

55. From 2017 through 2019, Plaintiff was paid for Tuesdays, Thursdays, Fridays and Saturdays by check. Defendants paid Plaintiff for Sundays in cash.

56. Examples of Defendants paying Plaintiff in this manner are annexed hereto as Exhibit A.

57. When Defendants paid Plaintiff in cash, Defendants did not take deductions as required because Plaintiff was an employee.

58. When Defendants paid Plaintiff by check, Defendants claimed to deduct taxes.

59. Although the checks Defendants gave to Plaintiff stated the total amount of taxes deducted, Defendants did not provide Plaintiff with a specific breakdown of these tax deductions.

60. For example, annexed hereto as Exhibit B are slips showing Defendant's calculations of Plaintiff's pay by check and the deductions taken. These slips show that Defendants purportedly took 15% of Plaintiff's pay for taxes.

61. Plaintiff received commissions for her massage work, as well as tips from clients. Defendants deducted 7.5% of all Plaintiff's commissions and tips from her pay.

62. For an example of checks showing the amounts paid as well as listing the amounts of the deductions for taxes and tips, see Exhibit A.

63. Defendants would incorrectly list the amount of time Plaintiff worked to avoid their obligations under the FLSA and NYLL.

64. For example, annexed hereto as Exhibit B, find "stubs" from Defendants. The stubs incorrectly list the amount of time that Plaintiff worked as exactly 40 hours.

65. In actuality, although Plaintiff worked more than 40 hours those weeks, Defendants listed exactly 40 hours in an attempt to avoid having to pay Plaintiff and the Rule 23 Class overtime under the FLSA and NYLL.

66. Defendant Dashing Diva did not inform their customers that Defendants were withholding customers' tips.

67. Defendants' decision to keep for themselves a portion of the tips that Plaintiff received is in violation of the NYLL.

**Defendants' Violations of the Wage Theft Prevention Act**

68. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

69. Throughout the relevant time period, Defendants paid Plaintiff and the collective wages without any accompanying statement that accurately listed the rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

70. Plaintiff was never given written notice containing her rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## COLLECTIVE ACTION ALLEGATIONS

71. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and other similarly situated persons who are current and former employees of Dashing Diva since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

72. On information and belief the FLSA Collective consists of approximately 30 similarly situated current and former employees at Dashing Diva who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

73. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i.      failing to pay employees the applicable minimum wage for all hours worked as required by the NYLL;

    ii.     failing to pay employees the applicable overtime rate for all hours worked as required by the FLSA and NYLL;

    iii.    failing to pay employees the applicable spread-of-hours as required by the FLSA and NYLL.

    iv.     failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

74. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

75. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

76. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

77. Defendants failed to compensate Plaintiff and members of the FLSA Collective at the appropriate overtime rate for all hours worked over 40. The exact accounting of such discrepancy can only be determined upon completion of discovery.

78. Defendants further failed to compensate Plaintiff and members of the FLSA Collective at the New York minimum wage rate for all hours worked up to 40 in accordance with the NYLL. The exact accounting of such discrepancy can only be determined upon completion of discovery.

79. Defendants also did not compensate Plaintiff and members of the FLSA Collective with spread-of-hours pay for days when Plaintiff and members of the FLSA Collective worked a spread of over 10 hours. The exact accounting of such discrepancy can only be determined upon completion of discovery.

80. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including

tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

81. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## THE MANICURIST, PEDICURIST AND MASSEUR CLASS

82. **Proposed Class.**  All said persons, including Plaintiff, are referred to herein as "the Class." The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.

83. Plaintiff brings her FLSA and the NYLL claims, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of persons consisting of all non-exempt employees that worked as manicurists, pedicurists and masseurs for Defendants from February 15, 2013 to the date of the final judgment in this matter ("Rule 23 Class").

84. Finally, Plaintiff brings her NYLL claims, pursuant to Fed. R. Civ. P. 23 on behalf of herself and a class of persons consisting of all non-exempt employees that did not receive their wage notices as required under the New York Wage Theft Prevention Act.

85. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

86. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

87. Upon information and belief, the size of the Rule 23 Class, which includes current and former employees of Defendants, is approximately 50 people. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

88. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) willfully failing to pay its employees, including Plaintiff and the Class Members, the appropriate minimum wages for hours worked up to 40 hours per workweek;

    (b) willfully failing to pay its employees, including Plaintiff and the Class Members, the appropriate overtime wages for hours worked in excess of 40 hours per workweek;

    (c) willfully failing to pay its employees, including Plaintiff and the Class Members, the necessary spread-of-hours pay for days when Plaintiff and the Class Members worked a spread of over 10 hours;

    (d) willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of Defendants;

    (e) failing to provide appropriate notices to Plaintiff and the Class Members under the New York Wage Theft Prevention Act;

    (f) willfully failing to pay Plaintiff and the class members the correct compensation under the NYLL.

    (g) Unlawfully retaining tips from Plaintiff and the Class Members.

89. **Ascertainability.** The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language

newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking manicurists, pedicurists and masseurs. Many class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

90. **Numerosity.** The size of the class makes a class action both necessary and efficient. The size of the class consists of approximately 50 employees. Members of the class are ascertainable but so numerous that joinders is impracticable.

91. **Common Questions Of Law and Fact.** This case poses common questions of law and fact affecting the rights of all class members, including:

   a) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of minimum wage compensation;

   b) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of overtime wage compensation;

   c) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding wage notices;

   d) whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein; and

   e) what relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

92. **Typicality.** The claims of the individual Plaintiff are typical of the claims of the class as a whole. Dashing Diva's unlawful policies are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

93. **Adequacy of Class Representation.**   The individual Plaintiff can adequately and fairly represent the interests of the class as defined above, because her individual interests are consistent with, and not antagonistic to, the interests of the class.

94. **Propriety of Class Action Mechanism.** Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.   The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this amended complaint.

95. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

**FIRST CAUSE OF ACTION**
**New York Labor Law—Failure to Pay Minimum Wage**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

96. Plaintiff, on behalf of herself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

98. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

99. At all times relevant, Plaintiff was covered by the NYLL.

100. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

101. Defendants failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

102. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

103. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
### (Brought on behalf of Plaintiff and the Rule 23 Class)

104. Plaintiff, on behalf of herself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105. Throughout the relevant time period, Plaintiff and the Rule 23 Class worked in excess of forty (40) hours per workweek.

106. At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the Rule 23 Class one and one-half times

the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the Rule 23 Class were entitled to receive overtime payments.

107.    At all relevant times throughout Plaintiff and the Rule 23 Class's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per workweek.

108.    Defendants' decision not to pay overtime was willful.

109.    Plaintiff and the Rule 23 Class seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (Brought on behalf of Plaintiff and the Rule 23 Class)

110.    Plaintiff, on behalf of herself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111.    At all times relevant to the action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR § 142-2.2.

112.    Defendants failed to pay Plaintiff and the Rule 23 Class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

113.    Defendants' failure to pay required overtime was willful.

114.    As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of the action, including interest, pursuant to the NY Labor Law.

## FOURTH CAUSE OF ACTION
### New York Labor Law - Spread-of-Hours Pay
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

115.    Plaintiff, on behalf of herself and the Rule 23 Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

116.    Most work days, Plaintiff and the Rule 23 Class worked more than ten hours in a workday.

117.    Defendants willfully failed to compensate Plaintiff and the Rule 23 Class one hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

118.    Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

119.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

120.    Plaintiff, on behalf of herself and the Rule 23 class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

121.    Defendants willfully failed to supply Plaintiff and the class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

122.    Through their knowing or intentional failure to provide Plaintiff and the class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

123.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the class are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### SIXTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements
### (Brought on behalf of Plaintiff and the Rule 23 Class)

124.    Plaintiff, on behalf of herself and the Rule 23 class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

125.    Defendants have willfully failed to supply Plaintiff and the class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

126.    Through their knowing or intentional failure to provide Plaintiff and the class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

127.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the class are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## SEVENTH CAUSE OF ACTION
### Failure to Pay Gratuities under NYLL § 196-d
### <u>(Brought on behalf of Plaintiff and the Rule 23 Class)</u>

128.    Plaintiff on behalf of herself and the Rule 23 class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

129.    Pursuant to NYLL § 196-d, an employer is prohibited from demanding, accepting or retaining any part of the gratuities received by or on behalf of an employee.

130.    Defendants have failed to pay to Plaintiff the full amount of the gratuities earned by them during their employment, as required by NYLL § 196-d.

131.    Through their knowing or intentional failure to pay to Plaintiff their full amount of gratuities, Defendants have willfully violated NYLL § 196-d.

132.   Due to Defendants' willful violation of NYLL § 196-d, Plaintiff is entitled to recover from Defendants, jointly and severally, the full amount of gratuities earned by Plaintiff, along with liquidated damages, costs, reasonable attorneys' fees, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Dashing Diva and Agatha Kim and Raquel Kim, jointly and severally, as follows:

(a)   Designation of the action as a collective action on behalf of the Rule 23 Class Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)   Certification of this case as a class action pursuant to Rule 23;

(c)   Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

(d)   Damages for unpaid minimum wages due to Plaintiff and the Rule 23 Class Members in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(e)   Damages for unpaid overtime due to Plaintiff and the Rule 23 Class Members in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA and NYLL, interest, attorneys' fees, and the cost of the action;

(f)     Damages for unpaid spread-of-hours due to Plaintiff and the Rule 23 Class Members in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(g)     Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiff and the Rule 23 Class Members with accurate wage notices, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(h)     Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the Rule 23 Class Members with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(i)     Damages for Defendants' unlawful withholding of Plaintiff's and the Rule 23 class Members' gratuities;

(j)     Pre-judgment and post-judgment interest;

(k)     Reasonable attorneys' fees and costs of the action;

(l)     For such other further and different relief as this Court deems just and proper.

Dated: February 15, 2019
        New York, New York

                            **THE LAW OFFICES OF JACOB ARONAUER**

                            By:     */s/ Jacob Aronauer*
                                    Jacob Aronauer
                                    225 Broadway, 3rd Floor
                                    New York, NY 10007

**LAW OFFICES OF YALE POLLACK, P.C.**

By:      */s/ Yale Pollack*
Yale Pollack
66 Split Rock Rd
Syosset, NY 11791

*Attorneys for Plaintiff*

# EXHIBIT A

# Exhibit A











COSTYS INC DBA
DASHING DIVA                   07-16
969 FRANKLIN AVENUE
GARDEN CITY, NY 11530

1147

DATE 9/17/16

PAY
TO THE
ORDER OF LORENA BRITO                          $ 202.50

two hundred two dollars and 50/100        DOLLARS

**TD Bank**
America's Most Convenient Bank®

tax-36, tip-1.50

⑈00⑈⑈47⑈ ⑆026013679⑈ 43209728490⑈



# Exhibit B

Lorena: 3+7hrs +holiday
Tip:102 ;Comm:47= 149x7.5%=11.18
Tax: 399.5 x 15%= 59.93
85, 59.5+340=399.50-71.11=329.39

Lorena: 4dys/40hrs
Tip:39 ;Comm:22= 61x7.5%=4.58
Tax: 340 x 15%= 51
85, 340-55.58=284.42

Lorena: 4dys/40hrs
Tip:86 ;Comm:12= 98x7.5%=7.35
Tax: 340 x 15%= 51
85, 340-58.35=281.65